**CERMELE & WOOD LLP**
*Attorneys for Downes Forest Products, L.L.C.*
2 Westchester Park Drive, Ste. 110
White Plains, New York 10573
(914) 967-2753

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>ALEXANDER GUNN,<br>Debtor.<br><br>DOWNES FOREST PRODUCTS, L.L.C., on behalf of itself and on behalf of all persons entitled to share in the funds received by Vert Gardens, Inc. and Alexander Gunn, in connection with a project identified as 333 East 24th Street, New York, New York,<br><br>　　　　　　　　　　　　　　*Plaintiff*,<br><br>　　　-against-<br><br>ALEXANDER GUNN,<br><br>　　　　　　　　　　　　　　*Defendant.* | Case No.: 21-10536 (SHL)<br><br>Adv. Pro. No.: 21-01163 |

**ORDER AUTHORIZING ENTRY INTO AND APPROVING SETTLEMENT AGREEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 BETWEEN DOWNES FOREST PRODUCTS, L.L.C. AND ALEXANDER GUNN**

Upon the motion, by notice of presentment dated February 4, 2022 (the "Motion") of Downes Forest Products, L.L.C. ("Downes"), by its counsel, Cermele & Wood LLP, pursuant to Fed. R. Bankr. P. 9019, seeking an order authorizing entry into and approving a settlement agreement between Plaintiff Downes and debtor Alexander Gunn ("Gunn"); staying the adversary proceeding; and granting such other, further, and different relief as this Court deems just and proper; and the Court having found that (i) the Court has jurisdiction over this matter under 28

P

U.S.C. §§ 157(a)-(b) and 1334 as a core proceeding, (ii) notice of the motion and the opportunity for a hearing thereon was sufficient, and no additional notice of or a hearing on the Motion is required under these circumstances, (iii) the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest and is supported by good business reasons in accordance with Bankruptcy Rule 9019, and (iv) the settlement was negotiated at arm's-length and in good faith and is fair and equitable; and the Court having determined that the legal and factual bases set forth in the Motion, and subsequent status conferences held on February 15, 2022 and February 16, 2022 establish just cause for the relief granted herein; now, therefore

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED pursuant to Fed. R. Bankr. P. 9019, as set forth herein;

2. The parties are authorized to enter into the Settlement Agreement attached to this Order as **Exhibit A**;

3. The Settlement Agreement attached to this Order as **Exhibit A** is approved;

4. This Order is deemed to be a separate order with respect to the Settlement Agreement approved hereby; and

5. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order and the Settlement Agreement.

Dated: New York, New York
       March 3, 2022

                                              */s/ Sean H. Lane*
                                              United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>ALEXANDER GUNN,<br>Debtor.<br><br>DOWNES FOREST PRODUCTS, L.L.C., on behalf of itself and on behalf of all persons entitled to share in the funds received by Vert Gardens, Inc. and Alexander Gunn, in connection with a project identified as 333 East 24th Street, New York, New York,<br><br>        *Plaintiff*,<br><br>   -against-<br><br>ALEXANDER GUNN,<br><br>        *Defendant*. | Case No.: 21-10536 (SHL)<br><br>Adv. Pro. No.: 21-01163<br><br>**SETTLEMENT<br>AGREEMENT** |

This Settlement Agreement (the "Agreement") is entered into by and between Downes Forest Products, L.L.C. ("Downes"), a limited liability company formed and existing under the laws of the State of New Jersey, and Alexander Gunn ("Gunn"), an individual residing in the State of New York, with an Effective Date as of December 22, 2021 (Downes and Gunn are referred to herein collectively as the "Parties," and each individually as a "Party").

WHEREAS, Gunn is the sole owner of Vert Gardens Inc. ("Vert Gardens");

WHEREAS, Downes supplied rooflite media, drainage aggregate, and topsoil for a project located at 333 East 24th Street, New York, New York, and more particularly described as Block 00930, Lot 12, in the County of New York, State of New York (the "Project") at the express request of Vert Gardens;

WHEREAS, Vert Gardens failed to pay Downes for the material it provided for the Project;

1

WHEREAS, on October 30, 2018, Downes commenced an action in the Supreme Court of the State of New York, County of New York captioned, *Downes Forest Products, L.L.C. on behalf of itself and on behalf of all persons entitled to share in the funds received by Vert Gardens, Inc. in connection with a project identified as 333 East 24th Street, New York, New York v. Vert Gardens, Inc., East Midtown Plaza Housing Company, Inc., Skyline Restoration, Inc., Alexander Gunn, Federal National Mortgage Association, Fidelity and Deposit Company of Maryland, and "Jane Doe No. 1" through "Jane Doe No. 10," defendants being fictitious and unknown to plaintiff but intended to be parties liable for the diversion of trust funds pursuant to Article 3-A of the Lien Law*, bearing Index Number 160018/2018 (the "State Court Action");

WHEREAS, the State Court Action alleges a cause of action against Gunn for diversion of trust funds under Article 3-A of New York's Lien Law (the "Lien Law");

WHEREAS, on April 25, 2019, Downes filed a stipulation of partial discontinuance in the State Court Action as against East Midtown Plaza Housing Company, Inc. ("East Midtown"), Skyline Restoration, Inc. ("Skyline"), and Fidelity and Deposit Company of Maryland ("FDCM"), leaving Gunn and Vert Gardens as the remaining appearing defendants in the State Court Action;

WHEREAS, some discovery was conducted in the State Court Action;

WHEREAS, no class has been certified in the State Court Action;

WHEREAS, on March 23, 2021, Gunn filed a petition for bankruptcy in the United States Bankruptcy Court for the Southern District of New York, bearing case no. 21-10536 (the "Gunn Bankruptcy Case");

WHEREAS, on June 18, 2021, Downes filed an adversary proceeding against Gunn, bearing adversary proceeding number 21-01163 in the United States Bankruptcy Court for the Southern District of New York seeking, *inter alia*, a declaration pursuant to 11 U.S.C. §§ 523(a)(4)

and (6) that Gunn could not discharge the debts he owes Downes concerning trust funds that Downes alleges Gunn diverted in violation of New York Lien Law Article 3-A in connection with the Project (the "Adversary Proceeding");

WHEREAS, on June 29, 2021, Downes filed and then amended a proof of claim in the Gunn Bankruptcy Case (the "Proof of Claim");

WHEREAS, the Parties conducted some discovery in the Adversary Proceeding;

WHEREAS, Downes indicated its intention to amend the complaint in the Adversary Proceeding to name additional parties;

WHEREAS, no class has been certified in the Adversary Proceeding;

WHEREAS, the Parties reached an agreement in principle to settle the State Court Action, Adversary Proceeding, and Proof of Claim (collectively, the "Dispute") on or about October 22, 2021; and

WHEREAS, the Parties wish to compromise and to resolve the Dispute without further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and conditions set forth below, the adequacy of which each of the Parties hereby acknowledge, the Parties hereby agree as follows:

1. **Incorporation of Recitals**. The foregoing recitals are hereby expressly incorporated by reference into this Agreement.

2. **Settlement Funds**. Gunn hereby agrees to pay and shall pay the sum of Fifty-Five Thousand United States Dollars ($55,000) (the "Settlement Payment") to Downes within five (5) business days of the Bankruptcy Court for the Southern District of New York "So Ordering" this Agreement. The Settlement Payment shall be wired to Cermele & Wood LLP, as attorneys for

Downes Forest Products, L.L.C., pursuant to wiring instructions to be provided by counsel for Downes to counsel for Gunn. This Settlement Payment shall be held in Downes's counsel's escrow account until Gunn's bankruptcy discharge is granted and there is a final adjudication of the Proof of Claim and a final payment is made to Downes on its Proof of Claim, if any (the "Escrow Breakage Event"). The Settlement Payment is made without release of, or waiver of the Proof of Claim. Downes shall be entitled to collect, through its attorneys, Cermele & Wood LLP, all funds distributed to it in connection with its Proof of Claim, if any. Gunn does not object to the Proof of Claim No. 11 (as amended), and shall not aid any other creditor in objecting to the Proof of Claim. If the Escrow Breakage Event does not occur by December 31, 2022, the Settlement Payment shall be returned to Gunn by Cermele & Wood LLP and the Settlement Agreement shall be deemed null and void. If the Escrow Breakage Event occurs, Cermele & Wood LLP is authorized to release from escrow the Settlement Payment and any amount paid against the Proof of Claim.

3. **Discontinuance of the Dispute**. Upon the Bankruptcy Court "So Ordering" this Agreement and receipt of the Settlement Payment by Downes's counsel, the Adversary Proceeding shall be stayed until the Escrow Breakage Event Occurs. The Adversary Proceeding shall be dismissed upon the Escrow Breakage Event occurring. Upon the Bankruptcy Court "So Ordering" this Agreement and receipt of the Settlement Payment by Downes's counsel, the Parties shall execute a stipulation discontinuing the State Court Action, with prejudice, and without costs (the "Stipulation of Discontinuance"). Counsel for Downes shall hold the Stipulation of Discontinuance in escrow until the Escrow Breakage Event occurs, and shall file the Stipulation of Discontinuance in the State Court Action within five (5) business days of the Escrow Breakage

Event occurring. If Gunn's bankruptcy discharge is not granted, the Parties shall resume their claims in the State Court Action.

4. **Mutual General Releases**. Upon the Bankruptcy Court "So Ordering" this Agreement and receipt of the Settlement Payment by Downes's counsel, Downes shall execute a general release, in the form annexed hereto as **Exhibit A**, which Downes's counsel shall hold in escrow until the Escrow Breakage Event occurs. Within five (5) business days of the Escrow Breakage Event occurring, counsel for Downes shall transmit the executed general release to counsel for Gunn.

Upon the Bankruptcy Court's "So Ordering" this Agreement and wiring of the Settlement Payment to Downes's counsel, Gunn and Vert Gardens Inc. shall execute general releases, in the form annexed hereto as **Exhibits B** and **C**, which Gunn's counsel shall hold in escrow until the Escrow Breakage Event occurs. Within five (5) business days of the Escrow Breakage Event occurring, counsel for Gunn shall transmit the executed general releases to counsel for Downes.

5. **Gunn's Representations and Warranties**.

(a) Gunn represents and warrants that the Settlement Payment is being paid from money he received after December 1, 2021, and therefore these funds are not property of the bankruptcy estate. Gunn shall cooperate with reasonable inquiries as to the source of the Settlement Payment.

(b) Gunn further represents and warrants that he is authorized to act on behalf of Vert Gardens Inc.

6. **Good Faith Cooperation and Further Assurances**. The Parties shall cooperate with each other in good faith and shall coordinate their activities to the extent practicable and to implement the terms of this Agreement. Furthermore, and without diminishing the force and effect

of any terms and provisions of this Agreement, each of the Parties shall take such action as may be reasonably necessary to carry out the purposes and intent of this Agreement and shall refrain from taking any action that would hinder or frustrate the purposes and intent of this Agreement.

7. **Compromise**. Each of the Parties hereby acknowledges and agrees that this Agreement represents the Parties' compromise for resolution of the Dispute; does not constitute an admission by any Party of liability or as to the truth or falsity of any allegation, claim, or defense asserted by any Party in the State Court Action or Adversary Proceeding; and shall not be proffered, used, or admitted in any legal or quasi-legal proceeding or any other context as purported evidence of same.

8. **Governing Law, Jurisdiction, and Venue**. This Agreement shall be governed by and interpreted pursuant to the laws of the State of New York, without regard to conflict of laws principles. The Parties hereby agree that any action or proceeding to enforce any provision, obligation, covenant, or term of or under this Agreement shall be brought in the New York State Supreme Court in New York, New York or the United States Bankruptcy Court for the Southern District of New York, and each of the Parties hereby acknowledges and consents to the exclusive jurisdiction and venue of such courts for such action or proceeding. The prevailing Party in such action or proceeding shall be entitled to recover its expenses and costs, including reasonable attorneys' fees, incurred as a result thereof from the other Party in such action or proceeding.

9. **Severability**. If any term, provision, or Section of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, such term, provision, or Section shall be deemed modified so as to render it enforceable, or if such term, provision, or Section cannot thereby be rendered enforceable, it shall be deemed null and void and severed, leaving the

remainder of this Agreement in full force and effect. However, if the Bankruptcy Court does not "So Order" this Agreement, this Agreement shall be of no force and effect.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the Parties hereto with respect to the subject matter hereof, and fully supersedes any and all prior agreements, understandings, or discussions between the Parties with respect to the subject matter hereof. No Party has entered into this Agreement in reliance on any other Party's prior representation, promise or warranty (oral or otherwise) except for those that may be expressly set forth in this Agreement.

11. **Amendments**. No modification or amendment of this Agreement shall be valid unless made in a writing signed by all Parties hereto wherein specific reference is made to this Agreement.

12. **Jointly Drafted**. The Parties hereby acknowledge and agree that they and their respective attorneys have participated jointly in the negotiation and drafting of this Agreement, and that if an ambiguity or question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof will arise favoring or disfavoring any Party because of the authorship of any provision of this Agreement.

13. **Legal Expenses and Costs**. Each of the Parties shall bear its own attorneys' fees, expenses, and costs incurred in connection with the Dispute and the negotiation and execution of this Agreement.

14. **Execution in Counterparts**. This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement. Electronic signatures such as fax or .pdf or .tiff files shall be given the same force and weight as if they were original signatures.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the following dates:

**Downes Forest Products, L.L.C.**

By: _____
Name: *[signature]*
Title: VP
Date: JEFFREY MORTENSON 2/18/22

**Alexander Gunn**

_____
Name:
Title:
Date:

**Vert Gardens, Inc.**

_____
Name:
Title:
Date:


SO ORDERED:

_____
Hon. Sean H. Lane

IN WITNESS WHEREOF, the Parties have executed this Agreement on the following dates:

**Downes Forest Products, L.L.C.**

By:_____
   Name:

   Title:

   Date:

**Alexander Gunn**

_____
Name: /s/

Title: owner

Date: 2.16.22

**Vert Gardens, Inc.**

_____
Name: /s/

Title: owner

Date: 2.16.22

SO ORDERED:

_____

Hon. Sean H. Lane

# EXHIBIT A

# GENERAL RELEASE

Downes Forest Products, L.L.C. ("Downes"), a New Jersey limited liability company having a principal place of business at 65 Royal Ave., Hawthorne, NJ 07506, on behalf of itself and on behalf of each of its predecessors, successors, assigns, past, present and future parent entities, subsidiaries, affiliates, related entities, holding companies, divisions, unincorporated business units, joint ventures, partners, members, insurers, officers, directors, shareholders, managers, employees, accountants, agents, servants, representatives, officials, attorneys and all other persons acting for or on behalf thereof hereby release and discharge Alexander Gunn ("Gunn"), Melissa Gunn, Eapen Leonardo, Pilar Altares Barnes, Gunn Properties LLC, Alec Gunn Group, Inc., Gunn Landscape Architecture PLLC, Loam Landscape Inc., Troy Nurseries Inc. and Vert Gardens Inc. (collectively, the "Gunn Released Parties") and each of their predecessors, successors, assigns, past, present and future parent entities, subsidiaries, affiliates, related entities, holding companies, divisions, unincorporated business units, joint ventures, partners, members, insurers, officers, directors, shareholders, managers, employees, accountants, agents, servants, representatives, officials, attorneys and all other persons acting for or on behalf thereof from all claims in law, admiralty or equity, which Downes, and Downes' predecessors, successors, assigns, past, present and future parent entities, subsidiaries, affiliates, related entities, holding companies, divisions, unincorporated business units, joint ventures, partners, members, insurers, officers, directors, shareholders, managers, employees, accountants, agents, servants, representatives, officials, attorneys and all other persons acting for or on behalf of any of them ever had or now have from the beginning of the world through the date of this General Release against the Gunn Released Parties and their predecessors, successors, assigns, past, present and future parent entities, subsidiaries, affiliates, related entities, holding companies, divisions, unincorporated business units, joint ventures, partners, members, insurers, officers, directors, shareholders, managers, employees, accountants, agents, servants, representatives, officials, attorneys and all other persons acting for or on behalf thereof. This release shall not apply to claims arising from a breach of the Settlement Agreement entered into by and among Downes, Gunn, and Vert Gardens Inc. on or about February 4, 2022 in an an adversary proceeding against Gunn, bearing adversary proceeding number 21-01163 in the United States Bankruptcy Court for the Southern District of New York. Nothing in this Release shall prevent Downes from recovering amounts due under its amended a proof of claim, filed on June 29, 2021, in the bankruptcy case of Alexander Gunn filed in the United States Bankruptcy Court for the Southern District of New York, bearing case no. 21-10536-shl.

This Release may not be changed orally.

[*signature block on following page*]

IN WITNESS WHEREOF, DOWNES FOREST PRODUCTS, L.L.C. HAS CAUSED THIS Release to be executed on the ___ day of February, 2022.

Downes Forest Products, L.L.C.

By: _____

Name:

Title:

## ACKNOWLEDGMENT

STATE OF                  )
                                 )
COUNTY OF               )

On the ___ day of February 2022, before me, the undersigned, a Notary Public in and for the said state, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his or her capacity, and that by his or her signature on the instrument, the entity, or the individual upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

# EXHIBIT B

# GENERAL RELEASE

Alexander Gunn ("Gunn"), an individual having an address at 205 East 85th Street, Apt. 12C, New York, NY 10028, on behalf of himself and on behalf of each of his predecessors, successors, assigns, past, present and future parent entities, subsidiaries, affiliates, related entities, holding companies, divisions, unincorporated business units, joint ventures, partners, members, insurers, officers, directors, shareholders, managers, employees, accountants, agents, servants, representatives, officials, attorneys, and all other persons acting for or on behalf thereof hereby release and discharge Downes Forest Products, L.L.C. ("Downes") and each of its predecessors, successors, assigns, past, present and future parent entities, subsidiaries, affiliates, related entities, holding companies, divisions, unincorporated business units, joint ventures, partners, members, insurers, officers, directors, shareholders, managers, employees, accountants, agents, servants, representatives, officials, attorneys and all other persons acting for or on behalf thereof from all claims in law, admiralty or equity, which Gunn, and Gunn's predecessors, successors, assigns, past, present and future parent entities, subsidiaries, affiliates, related entities, holding companies, divisions, unincorporated business units, joint ventures, partners, members, insurers, officers, directors, shareholders, managers, employees, accountants, agents, servants, representatives, officials, attorneys and all other persons acting for or on behalf of any of them ever had or now have from the beginning of the world through the date of this General Release against Downes, and each of Downes' predecessors, successors, assigns, past, present and future parent entities, subsidiaries, affiliates, related entities, holding companies, divisions, unincorporated business units, joint ventures, partners, members, insurers, officers, directors, shareholders, managers, employees, accountants, agents, servants, representatives, officials, attorneys and all other persons acting for or on behalf thereof. This release shall not apply to claims arising from a breach of the Settlement Agreement entered into by and among Downes, Gunn, and Vert Gardens Inc. on or about February 4, 2022 in an an adversary proceeding against Gunn, bearing adversary proceeding number 21-01163-SHL in the United States Bankruptcy Court for the Southern District of New York.

This Release may not be changed orally.

IN WITNESS WHEREOF, ALEXANDER GUNN HAS CAUSED THIS Release to be executed on the ___ day of February, 2022.

ALEXANDER GUNN

By: _____

Name:

Title:

## **ACKNOWLEDGMENT**

STATE OF              )
                              )
COUNTY OF         )

      On the ___ day of February 2022, before me, the undersigned, a Notary Public in and for the said state, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his or her capacity, and that by his or her signature on the instrument, the entity, or the individual upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

# EXHIBIT C

# GENERAL RELEASE

Vert Gardens Inc., a New York corporation with an address c/o Alec Gunn Group, Inc., 345 Seventh Ave., Ste. 502, New York, New York 10001, on behalf of itself and on behalf of each of its predecessors, successors, assigns, past, present and future parent entities, subsidiaries, affiliates, related entities, holding companies, divisions, unincorporated business units, joint ventures, partners, members, insurers, officers, directors, shareholders, managers, employees, accountants, agents, servants, representatives, officials, attorneys, and all other persons acting for or on behalf thereof hereby release and discharge Downes Forest Products, L.L.C. ("Downes") and each of its predecessors, successors, assigns, past, present and future parent entities, subsidiaries, affiliates, related entities, holding companies, divisions, unincorporated business units, joint ventures, partners, members, insurers, officers, directors, shareholders, managers, employees, accountants, agents, servants, representatives, officials, attorneys and all other persons acting for or on behalf thereof from all claims in law, admiralty or equity, which Vert Gardens Inc., and Vert Gardens Inc.'s predecessors, successors, assigns, past, present and future parent entities, subsidiaries, affiliates, related entities, holding companies, divisions, unincorporated business units, joint ventures, partners, members, insurers, officers, directors, shareholders, managers, employees, accountants, agents, servants, representatives, officials, attorneys and all other persons acting for or on behalf of any of them ever had or now have from the beginning of the world through the date of this General Release against Downes, and each of Downes' predecessors, successors, assigns, past, present and future parent entities, subsidiaries, affiliates, related entities, holding companies, divisions, unincorporated business units, joint ventures, partners, members, insurers, officers, directors, shareholders, managers, employees, accountants, agents, servants, representatives, officials, attorneys and all other persons acting for or on behalf thereof. This release shall not apply to claims arising from a breach of the Settlement Agreement entered into by and among Downes, Gunn, and Vert Gardens Inc. on or about February 4, 2022 in an an adversary proceeding against Gunn, bearing adversary proceeding number 21-01163-shl in the United States Bankruptcy Court for the Southern District of New York.

This Release may not be changed orally.

IN WITNESS WHEREOF, VERT GARDENS INC. HAS CAUSED THIS Release to be executed on the ___ day of February, 2022.

VERT GARDENS INC.

By: _____

Name:

Title:

## **ACKNOWLEDGMENT**

STATE OF                                )
                                                    )
COUNTY OF                          )

      On the ___ day of February 2022, before me, the undersigned, a Notary Public in and for the said state, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his or her capacity, and that by his or her signature on the instrument, the entity, or the individual upon behalf of which the individual acted, executed the instrument.

                                                                                Notary Public